UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**MARK A. PUGLISI**,

Plaintiff,

                                        **CA No.**

v.

**PATRICK R. DONAHOE**,
Postmaster General,
U.S. Postal Service,

Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. section 1331, together with sections 2000e-5 and 2000e-16. Specifically, this is a complaint stating a cause of action under the Rehabilitation Act of 1973 (29 U.S.C. 791), as amended, alleging discriminatory treatment of the plaintiff in his employment with the defendant on the basis of his disability, namely Meniere's Disease. Further, the plaintiff alleges that he was subjected to discrimination in his federal employment based on his age in violation of the ADEA (29 U.S.C. 623).

### VENUE

2. The venue of this Court to entertain this cause of action is appropriate by virtue of 42 U.S.C. section 2000e-

5(f) insofar as all of the actions central to this case occurred within this judicial district.

## THE PARTIES

3. The plaintiff, Mark Puglisi, resides in Corryton, Tennessee. At the time of the events central to his claims, he was employed by the U.S. Postal Service as a full-time City Building Equipment Mechanic at the Knoxville, Tennessee Processing and Distribution Center.  At the time he initiated charges of discrimination he was age fifty-four.

4. The United States Postal Service (hereinafter "the agency") is an administrative agency of the United States Government with its principal offices in Washington, D.C. Patrick R. Donahoe is the Postmaster General of the U.S. Postal Service and is named in his capacity as the head of that agency.

## ADMINISTRATIVE PROCEEDINGS

5. Within the time prescribed by law, the plaintiff initiated administrative charges of discrimination against the agency based upon ongoing discriminatory conduct on the part of his supervisors which began in April of 2012. He filed a formal administrative complaint of discrimination on October 9, 2012.  The agency investigated his charges

and, upon issuing a report of investigation, provided the plaintiff with notice of his right to request a hearing before an administrative judge with the EEOC. The plaintiff did so, and, on December 18, 2014, Administrative Judge Steven D. Townsdin remanded the case to the Postal Service for issuance of a Final Agency Decision on the charges. On January 20, 2015, the postal service issued a final decision finding that no discrimination had occurred. The plaintiff has exhausted his administrative remedies and this action is commenced within 90 days following plaintiff's counsel's receipt of that final agency decision.

## THE CONTROVERSY

6. For his cause of action against Patrick Donahoe, in his capacity as Postmaster General of the U.S. Postal Service, the plaintiff states as follows:

7. That at all times relevant to this action, he was employed by the agency as a City Building Equipment Mechanic at the Knoxville, Tennessee Processing and Distribution Center (hereinafter referenced as the "P&DC). He began that work in November of 1998.

8. The plaintiff was diagnosed with Meniere's Disease in 2003. That condition makes him susceptible to episodes of extreme dizziness and nausea. He could perceive when an

onset of the condition would occur, however, with enough time to remove himself from the workplace. His doctors, in fact, had supported his request of his supervisors that, when he sensed that such an episode was likely to occur that he be permitted to remove himself from the workplace. He had been approved for Family Medical Leave for this purpose.

9. The plaintiff's managers, however, while aware of his medical condition, not only refused his requests that he be allowed to remove himself from the workplace when he sensed the onset of the Meniere's symptoms, but, urging him to retire, they assigned work to him which they understood would exacerbate his medical condition or trigger the onset of those symptoms. While he was assigned work that likely would trigger an onset of the symptoms of his disease, his managers assigned work to the plaintiff's younger co-workers which would not have presented that have put him in such peril.

10. Ultimately, while his discrimination charges were pending, the plaintiff applied for and received disability retirement. He would not have done so had his managers provided the accommodation he requested. He has suffered financially as a result of his leaving the defendant agency pursuant to disability retirement.

## CAUSES OF ACTION

### COUNT I

11. The plaintiff incorporates by reference the averments of paragraphs six through ten as though fully set forth at length herein.

12. The defendant has acted in violation of the Rehabilitation Act of 1973 insofar as he, through his manager, has unlawfully discriminated against the plaintiff on the basis of his disability, including harassment based upon his disability. Further, based on his managers' discriminatory conduct, the plaintiff's work environment was hostile.

13. The plaintiff suffered harm as a result of the defendant's conduct, including economic damage and mental and physical suffering.

### COUNT II

14. The plaintiff incorporates by reference the averments of paragraphs six through ten as though fully set forth at length herein.

15. The defendant subjected the plaintiff to discriminatory treatment in violation of the Rehabilitation Act of 1973 insofar as his manager failed to accommodate the plaintiff's known disability.

16. The plaintiff suffered harm as a result of the defendant's conduct, including economic damage and mental and physical suffering.

## DEMAND FOR RELIEF

17. The plaintiff respectfully demands the following relief from the defendant:

a. Enter a declaratory judgment determining that the plaintiff suffered discrimination as alleged in Counts I and II;

b. Award compensatory damages to the plaintiff;

c. Award all income to the plaintiff which he has lost as a result of the defendant's discriminatory conduct;

d. Assess against the defendant the costs and expenses incurred by the plaintiff in maintaining this proceeding, together with reasonable attorneys fees incurred by him in prosecuting this case; and

e. Any and all other relief to which the plaintiff may be entitled.

## JURY DEMAND

The plaintiff demands trial by jury on all issues

raised herein.

MARK PUGLISI

By His Attorney,
/s/Waite P. Stuhl
Waite P. Stuhl
6342 Waterman Avenue
St. Louis, MO 63130
314-974-4163
email: wstuhl@sbcglobal.net